The court said, that the words of the section might well bear the construction put on them by the defendant’s counsel, and the *practice was conformable thereto in the city of Philadelphia, *182] where much of this kind of business was done for some time after the act had passed; but that a different construction had been adopted, and afterwards generally pursued there.
The case of Brown v. Compton was not analogous. Great weight was laid there on this point, that the justices at the sessions had no general jurisdiction over the question: they had none under their general commission, and the statute might have given the same powers to persons of any other description. But in this state, the Courts of Common Pleas have always had jurisdiction in the cases of insolvent debtors; and to say the most of what has been done here, it can only be observed, that the judges in a matter where “they had jurisdiction, may have erred in the exercise of it. In a late insolvent case in the Supreme Court, where the debtor was taken in execution by process out of that court, as well as from the Common Pleas of Philadelphia county, and discharged by the latter court, it was ruled that the discharge was legal. The 15th section of the act declares, that the sheriff’s return of having performed the duties of his office, and the order of the court, judge or judges, as the case may be, shall be good and effectual to all intents and pur *182 poses whatsoever. By the 14th section, the sheriff is required to discharge the debtor, and set him at liberty forthwith, on receiving an order from the judges. It would be strange doctrine, to assert that the sheriff is highly punishable for keeping the party in confinement, and yet if he discharges him, that he is answerable for the escape.
Judgment for the defendant.